stay of removal in this petition is DE-NIED as moot.

YONG RONG WU, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–3069–ag.

United States Court of Appeals,
Second Circuit.

March 20, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

David L. Huber, United States Attorney for the Western District of Kentucky, Monica Wheatley, Assistant United States Attorney, Louisville, Kentucky, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Rong Wu, a native and citizen of China, seeks review of a June 19, 2006, order of the BIA affirming the February 4, 2005, decision of Immigration Judge ("IJ") Terry A. Bain denying petitioner's application for asylum and withholding of deportation. *In Re Yong Rong Wu,* No. A76 217 214 (B.I.A. June 19, 2006), *aff'g* No. A76 217 214 (Immig. Ct. N.Y. City Feb. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Because the IJ's past persecution finding involves the application of law to a particular set of facts, i.e., the definition of persecution, this Court reviews that finding *de novo. See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (citing *Tian–Yong Chen,* 359 F.3d at 128). In order to constitute persecution, the alleged harm must be severe. *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). This Court has held that the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). The agency must consider the context in which the harm occurs in order to determine whether it constituted persecution, as

opposed to mere harassment. *Beskovic,* 467 F.3d at 226.

■ In this case, Wu admitted that he had never been arrested, detained, or physically injured in any way by the Chinese government. He asserts, however, that the officials' repeated visits to his parents' home and the harassment by his fellow students and teachers constituted persecution in the aggregate. Although Wu correctly notes that the agency must review an asylum applicant's past harms in the aggregate in determining whether he suffered persecution, *see Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005), none of the treatment Wu describes—examined individually or in the aggregate—rises to the level of persecution.

In this case, the agency did not err in finding that the harm Wu suffered at school, at the hands of other students and teachers, did not rise above harassment and discrimination. Moreover, nothing happened during the visits from family planning officials that constituted a threat to Wu's "life or freedom." Although the visits might be deemed offensive, they were insufficiently invasive and extreme to be considered persecution. When considering all of the harms Wu experienced in China in the aggregate, Wu failed to demonstrate that he suffered such severe harm on account of his family's political opinion that it should be considered persecution. Accordingly, we affirm the agency's denial of Wu's past persecution claim.

■ We also find that the agency reasonably determined that Wu failed to establish a well-founded fear of persecution. Wu argues that he would be arrested upon his return to China because he had been previously warned by the officials when he criticized the family planning policy. However, as the BIA noted in its decision, this event occurred more than ten years ago, and there is no indication that the police are currently seeking to harm Wu. The agency correctly determined that Wu failed to present sufficient evidence to prove that there was a reasonable possibility he would be singled out for persecution upon return to China. Moreover, he did not present any evidence regarding a pattern and practice of persecution against individuals in his situation. Accordingly, the IJ's denial of Wu's future persecution claim is supported by substantial evidence.

■ Because Wu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).